THOMAS H. HAYES *vs.* NATHANIEL R. BRONSON.

Third Judicial District, New Haven, June Term, 1905.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A replevin recognizance, in the form prescribed by statute (§ 1058), certified that the defendant, "attorney for the Rothschild & Son Co. of New York, as principal," and the plaintiff "as surety, acknowledged themselves jointly and severally bound," etc. The plaintiff, having been compelled to pay the amount of this recognizance, sued the defendant for indemnity. *Held* that the defendant, personally, and not the Rothschild & Son Co., was the principal in such recognizance.

The law implies a contract upon the part of a principal to indemnify his surety for any payment the latter is compelled to make on account of the obligation assumed.

While it is competent for them, as between themselves, to make a different contract from that implied by law from such relation, the mere fact that the surety in a replevin bond knew that the principal was the attorney of a foreign corporation and gave the bond in behalf of his client in order to comply with the statutory requirements, does not show a different contract, nor relieve the principal from his obligation to indemnify the surety who has been compelled to pay the amount of the bond.

Argued June 15th—decided July 14th, 1905.

ACTION by the surety upon a replevin bond to recover the amount he had been obliged to pay thereon, brought to the Superior Court in New Haven County where a demurrer to the second defense was overruled (*Gager, J.*) and the cause was afterwards tried to the court, *Thayer, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *Error and cause remanded.*

*Lucien F. Burpee*, for the appellant (plaintiff).

*Henry Stoddard*, for the appellee (defendant).

HALL, J.  Section 1057 of the General Statutes provides that no writ of replevin shall be issued "until some person, known to the authority signing the writ to be of sufficient responsibility, has entered into a recognizance before him, with at least one sufficient surety, in a sum at least double said sworn value of said property, conditioned that the plaintiff shall prosecute his suit to effect, . . . a record of which recognizance shall be entered at the foot of the writ, before the same is issued."

The complaint alleges that the R. Rothschild & Son Company, a New York corporation, having applied to George E. Terry, a commissioner of the Superior Court, to issue a writ of replevin against one Gould, Bronson, the defendant in this suit, requested the present plaintiff, as surety, to enter with him as principal into the recognizance so provided by statute, in the sum of $4,000, and that thereupon the plaintiff entered with the defendant into the following recognizance before said Terry:—

"Be it remembered, that at the town of Waterbury, in the County of New Haven, on the 17th of June, 1895, there personally appeared before me Nath. R. Bronson, Att'y for The Rothschild & Son Co., of New York City, as principal, and Thos. H. Hayes, of Waterbury, as surety, which surety is known to me to be of sufficient pecuniary responsibility to respond to the amount of this recognizance, and acknowledged themselves jointly and severally bound unto G. F.

Gould, of Waterbury, in a recognizance of four thousand dollars " (the remainder of the bond being in the form required by the statute).

" George E. Terry,

" Commissioner of the S. C. for N. H. County."

The complaint further alleges that the plaintiff in the replevin suit failed to prosecute his action to effect, and that the defendant in the replevin suit has recovered judgment against this plaintiff, as surety upon said bond, for the sum of $3,100 and costs, which this plaintiff has been compelled to pay.

The second defense pleaded to this complaint is as follows : " The said defendant in respect to all of the matters and things done by him and stated in said complaint was the attorney at law retained and employed by and acting as such attorney at law for said The R. Rothschild & Son Company in the said replevin suit referred to in said complaint, and in so far as any request to the plaintiff to enter into said recognizance mentioned in said complaint was made by the defendant, it was for the plaintiff. to enter into such recognizance as surety for the said The R. Rothschild & Son Company, and not as surety for the defendant personally, or as the principal in said recognizance. All of the said above facts stated in this defense were communicated to and were well known by the plaintiff long before and at the several times and dates contained in said complaint."

To this defense the plaintiff demurred upon the ground, in substance, that it being admitted that the recognizance was entered into as alleged in the complaint, the fact that the defendant was known by plaintiff to be acting as attorney for the R. Rothschild & Son Company when he entered into the recognizance, and when he requested the plaintiff to enter into it as surety, did not relieve the defendant from liability as principal in said bond.

The trial court overruled the demurrer, and afterwards, upon finding the allegations of the second defense true upon the plaintiff's denial of the same by his reply, rendered judgment for the defendant.

No question is made but that the recognizance is in the form alleged in the complaint, and intended by the parties to this action, and there is no allegation in the answer that it was understood that by taking it in that form the Rothschild & Son Company was made the principal in the bond.

The law does not require that the plaintiff in a replevin suit shall be the principal in the replevin bond required by statute, although he may undoubtedly become so by appearing before the magistrate taking the recognizance and satisfying him that he is a person of sufficient responsibility.

The foreign corporation which was plaintiff in the replevin suit did not become the principal in the replevin bond above described. It appears from the record that the defendant, only, appeared personally before the magistrate and was recognized as the principal in the bond. The fact that the defendant is described in the bond as attorney for the R. Rothschild & Son Company, does not make the latter the recognized principal, nor the defendant, personally, any the less the real principal.

This being the form of recognizance into which the plaintiff was requested by the defendant to enter, a request by the defendant, though he was known to the plaintiff to be the attorney for the plaintiff in replevin, to become surety in such recognizance, was not a request to enter into a recognizance as surety for the R. Rothschild & Son Company; and the fact that the plaintiff knew the attorney for said company so entered into the recognizance " only to comply with the formal requirements of the statute, the plaintiff being a foreign corporation," did not render the plaintiff a surety to the R. Rothschild & Son Company, nor the plaintiff any the less the principal in the recognizance. In an action upon the replevin bond by the defendants in the replevin suit, the present defendant would have been liable, as principal. The plaintiff has been compelled to pay a sum for which, upon the replevin bond, the defendant was primarily liable. Upon entering into the recognizance the implied contract of the defendant, as principal, with the plaintiff, as surety, was to indemnify the latter for any payment

Hayes v. Bronson.

which by reason of the liability assumed he might be required to make to the obligees in the bond. While it is true that in this action by the surety for indemnity it was competent for the defendant to prove by parol evidence a different contract, and to show that, as between the plaintiff and defendant, their relation as it appeared upon the bond was not the true one, and that there was some agreement or understanding by which, as between them, the defendant was not to be a principal, and was not to be liable either to indemnify the plaintiff for such sum as he might be required to pay as surety on the bond, or to contribute to such payment (*Bulkeley* v. *House*, 62 Conn. 459, 468)—the second defense fails to allege that there was any agreement between the plaintiff and defendant different from that ordinarily implied by law between principal and surety; and neither the form of the bond itself, nor the fact that the plaintiff knew, when the defendant requested him to become surety in the bond and when the defendant became principal in the bond, that the defendant was the attorney for the plaintiff in the replevin suit, and knew that the defendant entered into the recognizance as principal to comply with the requirements of the statute, and because his client was a foreign corporation, shows that there was any different contract between the obligors in this bond from that ordinarily implied by law between principal and surety: that the former will indemnify the latter for any loss arising from the obligation of surety assumed.

There was error in overruling the demurrer to the second defense, and in rendering judgment for the defendant upon finding the allegations of said second defense true. The case is remanded to the Superior Court to be proceeded with according to law.

In this opinion the other judges concurred.